IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MATTHEW D. KRALLMAN,**

               **Plaintiff,**

      **v.**                             **CASE NO.  07-3051-SAC**
**STATE OF KANSAS,**
**et al.,**

               **Defendants.**

### O R D E R

This civil rights complaint, 42 U.S.C. 1983, was filed in the United States District Court for the District of Nebraska by an inmate of the Shawnee County Jail, Topeka, Kansas. Named as defendant is State of Kansas/Security Transport Agency[1].

In support of his complaint, Mr. Krallman alleges he was "transported from NCF to SCDC" on or about June 28, 2006, pursuant to an order by a Shawnee County district court judge. He complains that the person transporting him traveled through Nebraska to pick up another inmate where they had car trouble and witnessed an automobile accident, which traumatized him. He also complains that the next morning some of his legal documents were missing. He alleges the other inmate transported with him told him he "witnessed Security Transport" going through Mr. Krallman's box while they were stopped at a car dealership. Plaintiff asserts he was harmed by "the Government" taking him out of Kansas against his will, going through his legal belongings, seizing legal papers, and putting him

---

[1] The court notes neither the State of Kansas nor a state agency is a "person" suable under 42 U.S.C. 1983. The person(s) alleged to have committed unconstitutional acts must be named as defendant(s).

in harm's way.

Plaintiff alleges in his form complaint that this action is "brought for a violation of state or local law[2]," and lists the "state laws" violated as kidnaping, illegal search and seizure, theft, negligence, and conspiracy to deprive of due process. He asserts proper permits were not obtained for his transport out of state. He also claims he lost $508 and access to papers necessary to prove his innocence. He seeks $200,000 in damages. He also asks the court to "issue immediate orders" staying all proceedings in <u>Kansas v. Krallman</u>, Case No. 04CR990 until he is "restored[3];" for a psychological evaluation and treatment before he is put through the state criminal proceedings; removing "all issues of conspiracy by Gov. of Ks" to federal court; "to NCF/Agency controlling phone recordings at NCF" regarding phone call from his attorney; transferring and holding him in Nebraska; allowing him access to a law library for at least 2 hours every other day with 8th Circuit rules and procedures; and discovery of records regarding his transport[4].

Plaintiff filed a motion for leave to proceed without prepayment of fees (Doc. 2 & 3), which was granted by the transferor

---

[2] The court notes a violation of state law is not grounds for relief under 42 U.S.C. 1983.

[3] This court agrees with the transferor court's holding that the federal district court has no authority to stay state criminal proceedings, and in any event, would be required to abstain from interfering with state proceedings by the <u>Younger</u> doctrine.

[4] Plaintiff also filed a Motion for Emergency Injunction Staying State Proceedings (Doc. 4) based upon some of the claims raised in his complaint, which the transferor court denied (Doc. 7).

2

court (Doc. 6)[5]. The transferor court then ordered plaintiff to show cause why this action should not be dismissed for improper venue, lack of jurisdiction in the federal court in Nebraska, and for failure to state a claim upon which relief may be granted (Doc. 7). Instead of responding to the show cause order, plaintiff filed a Motion asking the court to "place this case in abeyance" while he exhausts state remedies and obtains access to a prison law library (Doc. 9). The Nebraska court thereafter entered an Order finding plaintiff had "not filed an adequate response" to its Order to Show Cause, and it was "absolutely clear" that court "has no in personam jurisdiction over the State of Kansas." The court then denied plaintiff's pending motions without prejudice (Doc. 8 & 9), and transferred the action to this court.

Plaintiff has now filed a "Motion to Dismiss 'Abeyance' to Exhaust State Remedies" (Doc. 11) in this court. In this document, plaintiff asks this court to "dismiss and allow plaintiff to attempt to exhaust/get relief in state court[6]." He alleges he wants to proceed on his claims after he is in prison where he believes he will receive help and be better able to present his claims.

The court finds plaintiff's Motion to Dismiss should be treated

---

[5]
The U.S. District Court for the District of Nebraska required plaintiff to pay an initial partial filing fee of $6.30 (Doc. 6), which he did. The Nebraska court also notified plaintiff that he is required to pay the full filing fee in this action of $350.00 through monthly payments in accord with 28 U.S.C. 1915(b)(2).

[6]
Plaintiff alleges he informed the Court of Shawnee County, Div. 5, about some of his missing legal documents, and "the Judge ordered prosecutor responsible and to return the documents." Plaintiff is reminded, as he has been in prior federal cases filed by him, that he must raise all claims he has regarding state criminal proceedings, including allegations regarding withheld or unavailable evidence, in those proceedings in the state courts before he may present those claims in federal court.

as a Motion for Voluntary Dismissal under Rule 41(a) of the Federal Rules of Civil Procedure, and granted.  Under that rule, a plaintiff may dismiss a case at any time prior to service of a responsive pleading by the adverse party.  The dismissal is without prejudice.  Plaintiff is forewarned that there is a two-year statute of limitations for filing civil rights complaints.

**IT IS THEREFORE ORDERED** that plaintiff's voluntary motion to dismiss (Doc. 11) is granted; and this action is dismissed, without prejudice.

**IT IS SO ORDERED**.

Dated this 2nd day of March, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
